UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GERARD MICHAEL DILEO, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 09-2838** |
| **LAKESIDE HOSPITAL, INC., ET AL.** | **SECTION I/1** |

## ORDER AND REASONS

Before the Court is a motion for reconsideration and to alter or amend judgment filed by plaintiffs, Gerard Michael DiLeo, Linda Bartels DiLeo, and John Lucas DiLeo.[1] Defendant, Medical Center of Baton Rouge, Inc. ("Lakeside"),[2] opposes the motion. For the following reasons the motion is **DENIED IN PART** and **GRANTED IN PART**.

### *BACKGROUND*

John Lucas DiLeo, III ("Luke") was born at St. Tammany Hospital on February 14, 1984. Because Luke was born prematurely, he was transferred to Lakeside's neonatal intensive care unit.[3] Luke remained at Lakeside until he was discharged from its care on June 9, 1984.

According to plaintiffs, during Luke's stay at Lakeside, the hospital prescribed and administered E-ferol, a vitamin E supplement.[4] In April, 1984, the use of E-ferol was discontinued by the Food and Drug Administration ("FDA") because it caused serious complications including blindness, cerebral palsy, and death.[5] Plaintiffs allege that although

---

[1] R. Doc. No. 48.
[2] The Medical Center of Baton Rouge was formerly known as Lakeside Hospital.
[3] R. Doc. No. 1, p. 2.
[4] R. Doc. No. 1, pp. 2-3.
[5] R. Doc. No. 1, p. 3.

1

Luke received E-ferol and developed the complications associated with its use, Lakeside never informed them that he had received the drug.[6]

Plaintiffs filed this lawsuit on February 20, 2009.[7] Plaintiffs argue that Lakeside's alleged concealment of Luke's E-ferol treatments prevented plaintiffs from: (1) seeking remedies within the prescriptive period against Lakeside, (2) filing a lawsuit against the drug manufacturer, and (3) opting out of the class action lawsuit against the drug manufacturer.[8]

On February 17, 2010, this Court granted a motion to dismiss filed by Lakeside.[9] In its order, the Court found that plaintiffs' claims under the Louisiana Unfair Trade Practices Act ("LUTPA") were perempted. The Court rejected plaintiffs' arguments that they had alleged a continuing tort because the Court found that plaintiffs had not sustained any continuing damages during the one year period preceding the lawsuit.[10]

On February 26, 2010, plaintiffs filed this motion for reconsideration and to alter or amend the judgment.[11] Plaintiffs' motion urges the court to (1) reconsider its position with respect to plaintiffs' alleged LUTPA claims and (2) find that plaintiffs' original complaint pleaded a state-law negligence claim that should not have been dismissed with plaintiffs' LUTPA claim.

## *STANDARD OF LAW*

Motions requesting reconsideration of court orders generally fall under Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedure. *See Ford v. Troyer*, No. 97-890, 1997 WL 731945, at *1 (E.D.La. Nov. 21, 1997). While the Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration, "[a]ny motion termed as such will be treated

---

[6] R. Doc. No. 1, p. 4.
[7] R. Doc. No. 1.
[8] R. Doc. No. 1, p. 5.
[9] R. Doc. No. 44.
[10] R. Doc. No. 44, p. 7.
[11] R. Doc. No. 46.

as either a motion to alter or amend the judgment under Rule 59(e) or a motion for relief from judgment under Rule 60(b)." *Harrington v. Runyon*, No. 96-60117, 1996 WL 556754, at *1 (5th Cir. Sept. 3, 1996)(citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)).

If a motion for reconsideration is filed within ten days of the entry of the order or judgment being challenged, "it will be treated as a 59(e) motion; if it is filed after ten days, it will be treated as a 60(b) motion." *Id.* (citing *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 288 (5th Cir. 1989); *Harcon Barge Co. v. D&G Boat Rentals, Inc.*, 784 F.2d 665, 667-69 (5th Cir. 1986)). Because plaintiffs filed their motion for reconsideration less than ten days after the Court dismissed their claims, plaintiffs' motion is considered as a Rule 59(e) motion.

A Rule 59(e) motion "calls into question the correctness of a judgment." *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002). It is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised prior to the entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Instead, it "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration" under Rule 59(e). *Lavespere*, 910 F.2d at 174. Considerations that limit this discretion include: (1) the need to bring litigation to an end and (2) the need to render just decisions on the basis of all of the facts. *Id.*

## *DISCUSSION*

### I. Plaintiffs' LUTPA Claims

Plaintiffs' motion with respect to their alleged LUTPA claims is **DENIED** for the reasons given by the Court in its February 17, 2010 order dismissing plaintiffs' amended complaint. Plaintiffs do not identify any manifest errors of law or fact nor present any newly discovered evidence. Plaintiffs' arguments are more appropriate for appeal than for a motion pursuant to Rule 59(e).

### II. Plaintiffs' Negligence Claims

Plaintiffs contend that their original complaint pled a cause of action that was not based on the LUTPA. Lakeside argues that plaintiffs' original complaint does not "state a cause of action or provide proper notice of claims."[12]

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff's complaint set out "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Although the rule encourages brevity, the complaint must say enough to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) (internal quotation marks omitted). "[A] complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws." *Anderson v. United States Dept. Of Housing and Urban Development*, 554 F.3d 525, 528 (5th Cir. 2008).

Plaintiffs' original complaint states that "Lakeside Hospital negligently and intentionally concealed the fact that Luke was administered E-ferol and negligently and intentionally

---

[12] R. Doc. No. 49, p. 14. Because of this Court's opinion that plaintiffs' original complaint was not properly dismissed, the Court does not reach Lakeside's arguments with respect to whether the Court provided enough notice to grant summary judgment *sua sponte*.

4

concealed the identity and whereabouts of Luke's family."[13] The original complaint also alleges a detailed factual background for plaintiffs' claims.[14]

Plaintiffs' obligation under Rule 8 is to "put the defendant on notice as to what conduct is being called for defense in a court of law." *Anderson*, 554 F.3d at 528-29. Plaintiffs' complaint has done so. It informs Lakeside that plaintiffs' lawsuit is based on Lakeside's alleged concealment of Luke's treatment with E-ferol. Although plaintiffs do not specifically identify the legal basis for their claims, such specificity is not required under the federal rules. *McManus v. Fleetwood Enterprises, Inc.*, 320 F.3d 545, 551 (5th Cir. 2003) ("The plaintiff need not correctly specify the legal theory, so long as the plaintiff alleges facts upon which relief can be granted."). Plaintiffs' original complaint sufficiently pleads a negligence claim under state law.[15][16]

---

[13] R. Doc. No. 1, para. XIX.

[14] See R. Doc. No. 1, paras. V-XVIII.

[15] Lakeside argues that the Court's finding in note 17 of its order dismissing the LUTPA claims precludes all claims in plaintiffs' original complaint. See R. Doc. No. 44, p. 5, n. 17 ("Plaintiffs' original complaint also contains allegations that Luke suffered acute physical pain and mental anguish, inability to work, loss of earnings, and medical expenses. Plaintiffs' complaint contains no allegations that link these alleged damages with Lakeside's nondisclosure rather than possible malpractice on the part of Lakeside.").

The Court first notes that plaintiffs' complaint expressly pleads other alleged sources of damages. See R. Doc. No. 1, para. XXI (Plaintiffs alleged that Lakeside's negligent conduct "prevented [] petitioners from seeking remedies within the prescription period for filing suit against the drug manufacturer and/or opting out of the class action."). Lakeside's argument also ignores the context of the Court's footnote. Although the Court found that plaintiffs' LUTPA claims were foreclosed by the one-year prescriptive period, the Court recognized that plaintiffs had pleaded that Lakeside's alleged nondisclosure damaged plaintiffs by preventing them from suing the hospital or drug manufacturer within the prescriptive period or from opting out of the class action lawsuit. Accordingly, damages for physical and mental pain and anguish, inability to work, loss of earnings, and medical expenses would be relevant to the extent that such damages demonstrate the value of the claims plaintiffs contend have been foreclosed by Lakeside's alleged nondisclosure.

[16] Lakeside's opposition to plaintiffs' motion for reconsideration also raises a number of arguments with respect to plaintiffs' lack of damages based on the non-disclosure, plaintiffs' inability to recover due to the settlement agreement in the class-action lawsuit, and whether plaintiffs' participation in the class action lawsuit precludes this lawsuit, The Court finds that such arguments are better suited for a separate motion for summary judgment and, accordingly, renders no opinion with respect to those arguments.

## *CONCLUSION*

For the reasons stated above,

**IT IS ORDERED** that plaintiffs' motion for reconsideration is **DENIED IN PART** and **GRANTED IN PART**.[17] Plaintiffs' amended complaint remains **DISMISSED WITH PREJUDICE**. Plaintiffs will be permitted to proceed, however, with the negligence claims raised in their original complaint and, to that extent, the plaintiffs' motion is **GRANTED**.

New Orleans, Louisiana, May 11, 2010.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[17] Plaintiffs erroneously filed their motion for reconsideration twice. Accordingly, plaintiffs' second motion for reconsideration is **DISMISSED AS MOOT**. See R. Doc. No. 48.