UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GERARD MICHAEL DILEO, ET AL** | **CIVIL CASE** |
| **VERSUS** | **No. 09-2838** |
| **LAKESIDE HOSPITAL, INC., ET AL** | **SECTION I** |

## ORDER

Two motions are currently before this Court. First, plaintiffs move this Court to extend the deadline for filing an appeal.[1] Such motion must be denied for at least three reasons. First, the Court has not entered a final judgment disposing of all claims in this case.[2] Second, plaintiffs have not moved the Court for a Rule 54(b) judgment.[3] Third, the Court has not entered an order allowing plaintiffs to file an interlocutory appeal in accordance with 28 U.S.C. § 1292(b). Accordingly, such motion is DENIED.

---

[1] R. Doc. No. 59.

[2] On May 12, 2010, this Court entered an order (R. Doc. No. 53) that granted in part and denied in part plaintiffs' motion to alter or amend a previously entered judgment (R. Doc. No. 45). "The law of this circuit permits a trial judge, at his discretion, to reopen a judgment on the basis of an error of law." El Paso Corp. v. La Comision Ejecutiva Hidroelectrica, 341 Fed App'x 31, 33 (5th Cir. 2009) (internal quotation marks omitted). Accordingly, this Court has not entered a final judgment with respect to all of plaintiff's claims.

[3] Federal Rule of Civil Procedure 54(b) states:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Second, defendants move this Court to dismiss plaintiffs' appeal.[4] Because defendants have failed to direct this Court to any authority suggesting that this Court has the power to dismiss an appeal pending before the Court of Appeals, such motion is DENIED.

New Orleans, Louisiana, September 10, 2010.

                    LANCE M. AFRICK
              UNITED STATES DISTRICT JUDGE

---

[4] R. Doc. No. 60.